**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**Case No. 21-cv-20637-BLOOM**

DEXTER ETIENNE MODESTE,

      Plaintiff,

v.

MICHAEL, *et al.*,

      Defendants.

_____/

**ORDER**

**THIS CAUSE** is before the Court on Plaintiff Dexter Etienne Modeste's Complaint pursuant to 42 U.S.C. § 1983, ("Complaint"), ECF No. [2], and his Application to Proceed in District Court without Prepaying Fees or Costs ("Application"), ECF No. [1]. The Complaint and Application were filed in the United States District Court for the Southern District of New York but are now before the Court pursuant to a transfer order. ECF No. [3]. For reasons set forth below, the Application to Proceed in District Court without Prepaying Fees or Costs is denied, and the Complaint is dismissed with leave to amend.

## I.      APPLICATION TO PROCEED *IN FORMA PAUPERIS*

Civil complaints filed by prisoners seeking *in forma pauperis* status under 28 U.S.C. § 1915 are subject to the provisions of the Prison Litigation Reform Act ("PLRA"). In order to promote the speedy, just, and efficient administration of civil rights complaints subject to the PLRA, the court has established forms to be used by prisoners for filing civil rights actions. The court-approved form consists of (1) a cover sheet, (2) a complaint, (3) an application to proceed *in forma pauperis*, and (4) an authorization form. The authorization form, when completed by the plaintiff, directs the agency holding the plaintiff in custody to forward to the clerk of court a

certified copy of the plaintiff's institutional trust fund account and to disburse from the plaintiff's account the full statutory filing fee in amounts specified by § 1915(b). Properly completing and filing the authorization form satisfies the plaintiff's obligation under § 1915(a)(2) to submit a certified copy of the plaintiff's trust fund account with the complaint.

Plaintiff's Application is not accompanied by a certified copy of his inmate account statement for the six-month period immediately preceding the filing of the Complaint nor does his Application contain an authorization form. Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs is denied. Plaintiff may re-file his Application using the court-approved form or he may pay the filing fee of $402 by the filing deadline.

## II.      FACTUAL ALLEGATIONS

Plaintiff alleges on December 21, 2020 he was attacked by "a drunk white female" he refers to as "Sarah Anderson." ECF No. [2] at 4. Later in the morning he was detained by a "black female officer," handcuffed, and taken to the Miami Beach Police Department in her cruiser. *Id.* Plaintiff asked the officer if he was under arrest and she replied "no." *Id.* Another officer took photos of Plaintiff and Plaintiff was never given his Miranda rights. *Id.* Plaintiff was placed in a holding cell and told again by the "black female officer" that he was not under arrest. *Id.* Different police officers went through Plaintiff's property and he was told by Detective Alsina that his property was being impounded. *Id.* Detective Alsina screamed in his face telling him, "I know you did everything, I will be pressing charges, trust me." *Id.* Detective Alsina threatened to hurt Plaintiff and then Plaintiff was returned to his cell. *Id.* at 5. Officer Smith walked by Plaintif's cell and also threatened Plaintiff, "Boy I will take you somewhere and hurt you." *Id.* Officer Smith then placed Plaintiff in handcuffs again and led him out of the cell and more words were exchanged between Plaintiff and the officers. *Id.*

Plaintiff states that he suffered pain to his head and experiences frequent headaches. He

also states, "shoulder, wrist, right hand drainage [sic] mental stress trauma not able to sleep." *Id.* (alterations added). Plaintiff requests that his current case be dismissed, that he be assigned a "special attorney," and he requests $850,00 in compensation for punitive damages. *Id.*

## III.    STANDARD OF REVIEW

The Prison Litigation Reform Act ("PLRA"), as partially codified at 18 U.S.C. § 1915(e)(2)(B)(i)-(iii), requires courts to screen prisoner complaints and dismiss as frivolous claims that are "based on an indisputably meritless legal theory" or "whose factual contentions are clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992); *Pullen v. Sec'y, Dep't of Corr.*, No. 19-11797-C, 2019 WL 5784952, at *1 (11th Cir. Sept. 4, 2019) ("[A]n action is frivolous if it is without arguable merit either in law or fact.") (quoting *Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002)).

Under § 1915(e)(2)(B)(ii), a complaint may be dismissed if the court determines that the complaint fails to state a claim on which relief may be granted. *Wright v. Miranda*, 740 F. App'x 692, 694 (11th Cir. 2018). The standard for determining whether a complaint states a claim upon which relief can be granted is the same whether under section 1915(e)(2)(B) or Fed. R. Civ. P. 12(b)(6). *See Pullen*, No. 19-11797-C, WL 5784952, at *1 (citing *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997)).

Pursuant to Fed. R. Civ. P. 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *See* Fed. R. Civ. P. 8(a)(2). There is no required technical form, but "each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). The statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation marks omitted).

Thus, "a complaint must allege sufficient facts to state a claim that is plausible on its face." *Pullen*, No. 19-11797-C, 2019 WL 5784952 at *1 (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678

(2009)). The "factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp.*, 550 U.S. at 555 (citations omitted). Plaintiff is obligated to allege "more than mere labels and legal conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Quality Auto Painting Ctr. of Roselle, Inc. v. State Farm Indemnity Co.*, 917 F.3d 1249, 1262 (11th Cir. 2019) (quoting *Bell Atl. Corp.*, 550 U.S. at 555).

However, a district court is not required to "rewrite an otherwise deficient pleading in order to sustain an action." *Rodriguez*, 794 F. App'x at 603) (quotation marks omitted) (citation omitted) (quoting *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1169 (11th Cir. 2014)). Moreover, a district court "should not abandon its neutral role and begin creating arguments for a party, even an unrepresented one." *Sims v. Hastings*, 375 F. Supp. 2d 715, 718 (N.D. Ill. 2005) (citing *Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001)). When read liberally, a *pro se* pleading "should be interpreted 'to raise the strongest arguments that [it] suggest[s].'" *Graham v. Henderson*, 89 F.3d 75, 79 (2d Cir. 1996) (quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994)). Notwithstanding the leniency afforded to *pro se* litigants, it does not permit them to file an impermissible "shotgun" pleading. The Eleventh Circuit has identified four rough types or categories of shotgun pleadings. *See Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1321-23 (11th Cir. 2015) (citations omitted).

The most common type of shotgun pleading is one "containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." *Id.* The next most common type is a complaint that is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Id.* The third type of shotgun pleading is one that does not separate into a different count each cause of action or claim for relief. *Id.* Fourth, and finally, there is the relatively rare shotgun pleading that asserts multiple claims against

multiple defendants without specifying which of the defendants are responsible for which acts or omissions or which of the defendants the claim is brought against. *Id.*

"The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* The Eleventh Circuit has repeatedly condemned the use of shotgun pleadings for "imped[ing] the administration of the district courts' civil docket." *PVC Windoors, Inc. v. Babbitbay Beach Constr., N.V.*, 598 F.3d 802, 806 n. 4 (11th Cir. 2010). Indeed, shotgun pleadings require the court to sift through rambling and often incomprehensible allegations in an attempt to separate the meritorious claims from the unmeritorious, resulting in a "massive waste of judicial and private resources." *Id.* (citation omitted). The Eleventh Circuit, thus, has established that shotgun pleading is an unacceptable form of establishing a claim for relief. *Strategic Income Fund, LLC v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1296 (11th Cir. 2002).

## IV.    DISCUSSION

First, Plaintiff's Complaint is replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action and is therefore a quintessential shotgun pleading.

Second, because the Complaint identifies more than one defendant, adherence to Fed. R. Civ. P. 10 should be followed more closely. Pursuant to Fed. R. Civ. P. 10(b), "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." To promote clarity, "each claim founded on a separate transaction or occurrence . . . must be stated in a separate count or defense." Fed. R. Civ. P. 10(b). Here, Plaintiff's claims against multiple defendants would be clearer if different claims were separated by count. Plaintiff's failure to do so also reveals that the Complaint qualifies as the third category of shotgun pleading

for not separating into different paragraphs each count or claim for relief. *See Weiland*, 792 F.3d at 1321-23. Consistent with the goal of Fed. R. Civ. P. 8, the amended complaint and its memorandum shall not exceed twenty pages in length.

Lastly, Plaintiff is suing Defendants in their official capacity. The governmental entity that the defendants represent, the City of Miami Beach, is the real party in interest. *Hafer v. Melo*, 502 U.S. 21, 25 (1991). If Plaintiff intends to bring an action against a municipality he must plead and show the following: "(1) that his constitutional rights were violated; (2) that the municipality had a *custom or policy* that constituted deliberate indifference to that constitutional right; and (3) that the policy or custom caused the violation." *McDowell v. Brown*, 392 F.3d 1283, 1289 (11th Cir. 2004) (emphasis added) (citing *City of Canton v. Harris*, 489 U.S. 378, 388 (1989)).

Accordingly, a municipality may only be held liable under § 1983 "when a constitutional injury is caused by the execution of a government entity's policy or custom." *Laster v. City of Tampa Police Dep't*, 575 F. App'x 869, 872 (11th Cir. 2014).

> A policy is a decision that is officially adopted by the municipality or created by an official of such rank that he or she could be said to be acting on behalf of the municipality. A custom is a practice that is so settled and permanent that it takes on the force of law.

*Groover v. Israel*, 684 F. App'x 782, 787 (11th Cir. 2017) (quoting *Sewell v. Town of Lake Hamilton*, 117 F. 3d 488, 489 (11th Cir. 1997) (citation omitted)). "In order for a plaintiff to demonstrate a policy or custom, 'it is generally necessary to show a persistent and wide-spread practice.'" *Martin v. Wood*, 648 F. App'x 911, 914 (11th Cir. 2016) (quoting *McDowell*, 392 F.3d at 1290).

This is not an exhaustive list of the potential deficiencies in Plaintiff's complaint. Plaintiff shall have *one opportunity* to rectify his complaint. Plaintiff is instructed to follow the directives and applicable rules articulated in this order if he still wishes to pursue this action.

## V.    CONCLUSION

Plaintiff's allegations fail to state a viable § 1983 claim against the named Defendants. In order to proceed, Plaintiff shall file an amended complaint on the appropriate form providing sufficient, factual allegations to permit the Court to review his complaint. Plaintiff is reminded that he must state with specificity the facts supporting his claims. Plaintiff is also cautioned that each claim should be numbered in a separate paragraph and should be set forth using short and plain statements, with numbered paragraphs stating why the relief requested should be granted. Furthermore, the petition must be verified – that is – signed and dated under the penalty of perjury, pursuant to Local Rule 88.2(a)(4). Consistent with the goal of Fed. R. Civ. P. 8, the amended complaint and its memorandum shall not exceed twenty pages in length.

Accordingly, it **is ORDERED AND ADJUDGED** as follows:

1.    Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs, ECF No. [1], is **DENIED without prejudice**.

2.    On or before **March 18, 2021**, Plaintiff shall either pay the $402 filing fee or may renew his motion to proceed *in forma pauperis*.

3.    If Plaintiff renews his motion to proceed *in forma pauperis*, he must have the certificate concerning his jail bank account completed by an officer of the institution and attach a certified copy of his jail account for the six-month period preceding the filing of the Complaint in accordance with 28 U.S.C. § 1915.

4.    The failure to pay the filing fee or renew his motion to proceed *in forma pauperis* in accordance with the foregoing instructions will result in dismissal of this case.

5.    Consistent with the purpose of Fed. R. Civ. P. 8, Plaintiff is granted leave to file an amended complaint not to exceed twenty pages in length.

**6.**    On or before **March 18, 2021**, Plaintiff shall file an amended complaint, signed

under the penalty of perjury, providing a short and plain statement of a claim for relief, a basis for federal jurisdiction, and a demand for judgment. **The *Complaint for Violation of Civil Rights* form is attached.**

7.     The amended complaint must be labeled "Amended Complaint" and must show Case No.: **21-CV-20637-BLOOM**, so that it will be filed in this case.

8.     The amended complaint must contain a separate paragraph as to each defendant explaining what that defendant did and the supporting facts to show why that person is being sued.

9.     Plaintiff is warned that failure to file the amended complaint on time and in compliance with this Court's orders will probably result in dismissal of this case for failure to prosecute or failure to comply with court orders. *See* Fed. R. Civ. P. 41(b).

10.    Plaintiff is reminded that his amended complaint should at the very least cure the factual deficiencies identified to state a plausible claim for relief

**DONE AND ORDERED** in Chambers at Miami, Florida, on February 18, 2021.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Dexter Etienne Modeste, *Pro Se*
200154154
Metro West Detention Center
13850 NW 41st Street
Miami, FL 33178

IN THE UNITED STATES DISTRICT COURT
FOR THE _____ DISTRICT OF _____
_____ DIVISION
*(Write the District and Division, if any, of the
court in which the complaint is filed.)*

---

_____

_____

_____

*(Write the full name of each plaintiff who is filing
this complaint.  If the names of all the plaintiffs
cannot fit in the space above, please write "see
attached" in the space and attach an additional
page with the full list of names.)*

   **-against-**

_____

_____

_____

*(Write the full name of each defendant who is
being sued.  If the names of all the defendants
cannot fit in the space above, please write "see
attached" in the space and attach an additional
page with the full list of names.  Do not include
addresses here.)*

**Complaint for Violation of Civil
Rights**
(Prisoner Complaint)

Case No. _____
*(to be filled in by the Clerk's Office)*

Jury Trial:   ☐ Yes   ☐ No
            *(check one)*

---

## NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files.  Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number.  A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in *forma pauperis*.

## I.      The Parties to This Complaint

### A.      The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint.  Attach additional pages if needed.

Name                     _____

All other names by which you have been known:

                         _____

                         _____

ID Number                _____

Current Institution      _____

Address                  _____

                         _____

### B.      The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation.  Make sure that the defendant(s) listed below are identical to those contained in the above caption.  For an individual defendant, include the person's job or title (if known) and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both.  Attach additional pages if needed.

Defendant No. 1

Name                     _____

Job or Title             _____
(if known)

Shield Number            _____

Employer                 _____

Address                  _____

                         _____

☐   Individual capacity          ☐   Official capacity

Defendant No. 2

Name                     _____

2

Job or Title       _____
(if known)

Shield Number       _____

Employer       _____

Address       _____

      _____

☐    Individual capacity      ☐    Official capacity

Defendant No. 3

Name       _____

Job or Title       _____
(if known)

Shield Number       _____

Employer       _____

Address       _____

      _____

☐    Individual capacity      ☐    Official capacity

Defendant No. 4

Name       _____

Job or Title       _____
(if known)

Shield Number       _____

Employer       _____

Address       _____

      _____

☐    Individual capacity      ☐    Official capacity

## II.    Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]."  Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), you may sue federal officials for the violation of certain constitutional rights.

A.      Are you bringing suit against *(check all that apply)*:

      ☐     Federal officials (a *Bivens* claim)

      ☐     State or local officials (a § 1983 claim)

B.      Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

_____

_____

_____

C.      Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

_____

_____

_____

D.      Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

_____

_____

_____

## III.   Prisoner Status

Indicate whether you are a prisoner or other confined person as follows *(check all that apply)*:

      ☐     Pretrial detainee

      ☐     Civilly committed detainee

      ☐     Immigration detainee

☐  Convicted and sentenced state prisoner

☐  Convicted and sentenced federal prisoner

☐  Other *(explain)* _____

## IV. Statement of Claim

State as briefly as possible the facts of your case.  Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events.  You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite any cases or statutes.  If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph.  Attach additional pages if needed.

A. If the events giving rise to your claim arose outside an institution, describe where and when they arose.

_____

_____

_____

B. If the events giving rise to your claim arose in an institution, describe where and when they arose.

_____

_____

_____

C. What date and approximate time did the events giving rise to your claim(s) occur?

_____

_____

_____

D. What are the facts underlying your claim(s)?  *(For example:  What happened to you?  Who did what?  Was anyone else involved?  Who else saw what happened?)*

_____

_____

_____

_____
_____
_____
_____

**V.      Injuries**

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

_____
_____
_____
_____
_____
_____
_____
_____

**VI.     Relief**

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes.  If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged.  Explain the basis for these claims.

_____
_____
_____
_____
_____
_____

**VII.    Exhaustion of Administrative Remedies Administrative Procedures**

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Administrative remedies are also known as grievance procedures.  Your case may be dismissed if you have not exhausted your administrative remedies.

A.   Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

☐   Yes

☐   No

If yes, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

_____

_____

_____

B.   Does the jail, prison, or other correctional facility where your claim(s) arose have a grievance procedure?

☐   Yes

☐   No

☐   Do not know

C.   Does the grievance procedure at the jail, prison, or other correctional facility where your claim(s) arose cover some or all of your claims?

☐   Yes

☐   No

☐   Do not know

If yes, which claim(s)?

_____

_____

_____

D.   Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose concerning the facts relating to this complaint?

☐   Yes

☐   No

If no, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

☐　　Yes

☐　　No

E.　　If you did file a grievance:

　　1.　　Where did you file the grievance?

　　　　_____
　　　　_____
　　　　_____
　　　　_____

　　2.　　What did you claim in your grievance?

　　　　_____
　　　　_____
　　　　_____
　　　　_____

　　3.　　What was the result, if any?

　　　　_____
　　　　_____
　　　　_____
　　　　_____

　　4.　　What steps, if any, did you take to appeal that decision?  Is the grievance process completed?  If not, explain why not.  *(Describe all efforts to appeal to the highest level of the grievance process.)*

　　　　_____
　　　　_____
　　　　_____
　　　　_____

F.   If you did not file a grievance:

   1.   If there are any reasons why you did not file a grievance, state them here:

   _____
   _____
   _____
   _____

   2.   If you did not file a grievance but you did inform officials of your claim, state who you informed, when and how, and their response, if any:

   _____
   _____
   _____
   _____

G.   Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

   _____
   _____
   _____

   *(Note:  You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.)*

## VIII.   Previous Lawsuits

The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in federal court without paying the filing fee if that prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

To the best of your knowledge, have you had a case dismissed based on this "three strikes rule"?

   ☐   Yes

   ☐   No

9

If so, state which court dismissed your case, when this occurred, and attach a copy of the order if possible.

_____

_____

A.   Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

☐   Yes

☐   No

B.   If your answer to A is yes, describe each lawsuit by answering questions 1 through 7 below.  *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1.   Parties to the previous lawsuit

Plaintiff(s)   _____

Defendant(s)   _____

2.   Court *(if federal court, name the district; if state court, name the county and State)*

_____

3.   Docket or index number

_____

4.   Name of Judge assigned to your case

_____

5.   Approximate date of filing lawsuit

_____

6.   Is the case still pending?

☐   Yes

☐   No

If no, give the approximate date of disposition. _____

10

7.    What was the result of the case?  *(For example:  Was the case dismissed?  Was judgment entered in your favor?  Was the case appealed?)*

_____

_____

C.    Have you filed other lawsuits in state or federal court otherwise relating to the conditions of your imprisonment?

☐    Yes

☐    No

D.    If your answer to C is yes, describe each lawsuit by answering questions 1 through 7 below.  *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1.    Parties to the previous lawsuit

Plaintiff(s)    _____

Defendant(s)    _____

2.    Court *(if federal court, name the district; if state court, name the county and State)*

_____

_____

3.    Docket or index number

_____

4.    Name of Judge assigned to your case

_____

5.    Approximate date of filing lawsuit

_____

6.    Is the case still pending?

☐    Yes

☐    No

If no, give the approximate date of disposition. _____

7.      What was the result of the case?  *(For example:  Was the case dismissed?
        Was judgment entered in your favor?  Was the case appealed?)*

_____

_____

## IX.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my
knowledge, information, and belief that this complaint: (1) is not being presented for an
improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost
of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending,
modifying, or reversing existing law; (3) the factual contentions have evidentiary support or,
if specifically so identified, will likely have evidentiary support after a reasonable opportunity
for further investigation or discovery; and (4) the complaint otherwise complies with the
requirements of Rule 11.

### A.      For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-
related papers may be served.  I understand that my failure to keep a current address
on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: _____, 20__.

Signature of Plaintiff           _____
Printed Name of Plaintiff    _____
Prison Identification #_____
Prison Address   _____
                 _____
                 City                        State                   Zip Code

### B.      For Attorneys

Date of signing: _____, 20__.

Signature of Attorney        _____
Printed Name of Attorney   _____
Bar Number                   _____
Name of Law Firm            _____

Address                    _____

Telephone Number    _____

E-mail Address          _____